JS - 6
LINK: 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6707 GAF (FFMx) | Date | November 3, 2010 |
|---|---|---|---|
| Title | Willie Fontano v. Little Caesar Enterprises Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **(In Chambers)**

**ORDER RE: MOTION FOR REMAND AND ATTORNEYS' FEES AND COSTS**

**I. REMAND**

On August 25, 2010, Plaintiff Willie Fontano ("Plaintiff") commenced this action against Defendant Little Caesar Enterprises, Inc. ("Defendant"), in Los Angeles Superior Court alleging disability discrimination on the basis of Defendant's failure to comply with various accessibility guidelines. (Docket No. 1, Not. of Removal, Ex. A [Compl.].) The complaint asserts causes of action under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51(b), (f), and seeks declaratory and injunctive relief and damages. (Compl. at 5–8.) Defendant was served with a copy of the summons and complaint on August 31, 2010. (Docket No. 1, Not. of Removal ¶ 2.) On September 9, 2010, Defendant removed the action to this Court under 28 U.S.C. § 1441(b), purportedly on the basis of this Court's federal-question jurisdiction. (Id. ¶ 4.)

On October 6, 2010, Plaintiff filed a motion to remand the action to state court for lack of federal subject matter jurisdiction. (Docket No. 6.) Specifically, Plaintiff contends that he "did not allege any federal cause of action in his complaint," nor did he "plead for relief or damages under the ADA [Americans with Disabilities Act] or any other federal statute . . . ." (Mem. at 2.) On October 18, 2010, the Defendant filed a notice of non-opposition to Plaintiff's motion to remand. (Docket No. 7.)

The motion being unopposed, the Court hereby **GRANTS** Plaintiff's motion to remand the case to the Los Angeles Superior Court.

JS - 6
**LINK: 6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6707 GAF (FFMx) | Date | November 3, 2010 |
|---|---|---|---|
| Title | Willie Fontano v. Little Caesar Enterprises Inc et al | | |

## II.  ATTORNEYS' FEES AND COSTS

In his motion to remand, Plaintiff also seeks attorneys' fees and costs incurred in filing the motion to remand.  (Mem. at 3.)  Under 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  If "an objectively reasonable basis exists, fees should be denied."  Id.

Although Plaintiff's causes of action all arise under California law, one of those causes of action—that for violation of California Civil Code section 51(f)—incorporates the federal Americans with Disabilities Act by reference.  (See Compl. ¶¶ 22–23.)  Specifically, section 51(f) provides that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Cal. Civ. Code § 51(f).  Plaintiff contends that state law's incorporation of the ADA does not create federal-question jurisdiction and asserts that "[t]he Ninth Circuit Court of Appeals cannot be any clearer on this point: 'Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim.'" (Mem. at 2 (quoting Wander v. Kaus, 304 F. 3d 856, 859 (9th Cir. 2002).)

However, this issue is not as clear as Plaintiff suggests.  In Wander, a plaintiff brought a claim for injunctive relief under the Americans with Disabilities Act and a claim for damages under the California Disabled Person's Act in federal court.  Wander, 304 F.3d at 857.  When plaintiff's claim for injunctive relief became moot, the court dismissed his state law claims for lack of subject matter jurisdiction, which plaintiff appealed.  Id. at 857–58.  The Wander court affirmed the district court's dismissal of plaintiff's state law claims, holding that "there is no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Person's Act, even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law."  Id. at 857 (emphasis added).  Following the Supreme Court's decision in Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804 (1986), the Wander court explained that a state-law private action incorporating a federal standard does not "arise under" federal law where "Congress has intended that there not be a federal private right of action for violations of that federal standard."  Id. at 859.  The court further explained that "Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA" and that "[t]o exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress."  Id. at 857.

JS - 6
**LINK: 6**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6707 GAF (FFMx) | Date | November 3, 2010 |
|----------|------------------------|------|-------------------|
| Title | Willie Fontano v. Little Caesar Enterprises Inc et al | | |

Thus, the <u>Wander</u> court left open the question of whether a claim seeking <u>injunctive relief</u> under a state law incorporating the ADA would give rise to federal-question jurisdiction. The district court in <u>Pickern v. Best Western Timber Cove Lodge Marina Resort</u>, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), concluded that federal-question jurisdiction would exist in such a situation. <u>Id.</u> at 1132 n.5. That court reasoned:

> State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in those circumstances. Simply by incorporating the ADA into state law, state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims. State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief. Thus, federal courts would have original jurisdiction over state claims for injunctive relief, and supplemental jurisdiction over state claims for damages.

<u>Id.</u>

Without any evidence that Plaintiff's claim for injunctive relief was moot at the time Defendant removed the case to federal court, it is at the very least arguable that this Court had federal-question jurisdiction over Plaintiff's section 51(f) claim. Because Defendant's removal therefore was not objectively unreasonable, Plaintiff's motion for attorneys' fees and costs incurred in bringing the motion to remand is hereby **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's motion for attorneys' fees and costs incurred in connection with this motion. The hearing scheduled for November 8, 2010, is hereby **VACATED**.

**IT IS SO ORDERED.**